## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **FLAGSTAR BANK, FSB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2011-0015** |
| | ) | |
| **WESLEY P. TORONTO,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**Attorneys:**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" filed by Plaintiff Flagstar Bank, FSB ("Flagstar") against Defendant Wesley P. Toronto ("Toronto"). (Dkt. No. 15). For the reasons discussed below, the Court will grant Plaintiff's Motion.

## BACKGROUND

On February 22, 2011, Flagstar filed a Complaint against Toronto, alleging causes of action for debt and foreclosure of real property mortgage. Flagstar asserts that Toronto defaulted on a Promissory Note and First Priority Mortgage regarding certain property ("the Property") described as:

> Condominium Unit No. 1-A in Estate Questa Verde Townhouses, a Condominium established at plot 11, 12 and 13 Estate Hermon Hill, St. Croix Virgin Islands, according to Declaration of Condominium dated June 26, 1967 and recorded June 30, 1967 as Doc. No. 1761-1765 in PC 64-M, page 208, and as subsequently amended; TOGETHER WITH a 1.22367% undivided interest in the common areas and facilities appurtenant to the condominium.

(Compl. ¶ 5, Dkt. No. 1). The Complaint alleges that, on May 16, 2008, Toronto executed and delivered to Flagstar a promissory note (the "Note"), obligating him to pay the principal amount of $228,000.00, together with interest at a rate of 6.375% per annum, in consecutive monthly installments of $1,422.42 beginning July 1, 2008. *Id.* ¶¶ 6-7. To secure payment on the Note, Toronto granted to Flagstar and Mortgage Electronic Registration Systems, Inc. ("MERS") a first priority mortgage dated May 16, 2008 over the Property (the "Mortgage"), which provided that Toronto shall pay to Flagstar the payments due under the Note. *Id.* ¶¶ 8-9.

The Complaint further alleges that, on or about August 1, 2010, Toronto defaulted under the terms and conditions of the Note and Mortgage, in that monthly installments of principal and interest became due and were not paid; that Flagstar gave notice of default to Toronto by correspondence dated September 18, 2010, advising him that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien; and that, as of the date of the Complaint, the default has not been cured. *Id.* ¶¶ 10-13. On January 13, 2011, MERS assigned its entire interest in the Property to Flagstar (the "MERS Assignment"). *Id.* ¶ 15.

Flagstar now seeks foreclosure of the Property and all sums due under the Mortgage and Note from Toronto. *Id.* ¶¶ 18-22. As to the debt cause of action, the Complaint provides that Toronto owes Flagstar the principal sum of $183,783.31; accrued interest from July 1, 2010 to November 30, 2010 of $4,836.30, which continues to accrue at the rate of $32.10 per diem; assessed fees in the amount of $150.00; late charges in the amount of $390.45; overdrawn unapplied funds in the amount of $24.00, and a total amount due of $189,184.06. *Id.* ¶ 21. Flagstar further asserts that, under the terms of the Mortgage, it is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with regard to the Property, and that under the terms of the Note and Mortgage, it is entitled to be reimbursed for reasonable

2

attorney's fees and other expenses it incurs to enforce payment of the Note or incidental to foreclosure of the Property. *Id.* ¶¶ 23, 24.

With regard to the foreclosure cause of action, the Complaint provides that Flagstar is the holder of the Mortgage, allowing it to maintain the foreclosure action; that Toronto is in default under the terms and conditions of the Note and Mortgage; and that Flagstar is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from Toronto. *Id.* ¶¶ 27-29.

Toronto was personally served with a copy of the Summons and Complaint on May 23, 2011. (Dkt. Nos. 11, 11-1). He has neither answered the Complaint nor appeared in this action. On June 30, 2011, Flagstar filed a second application for Entry of Default against Toronto. (Dkt. No. 12).[1] The Clerk of the Court entered default against Toronto on July 11, 2011.  (Dkt. No. 14).

On August 10, 2011, Flagstar filed the instant Motion for Default Judgment (the "Motion") (Dkt. No. 15), along with a Memorandum in Support (Dt. No. 16) and three Supplements: a Declaration of Amounts Due (Dkt. No. 17); a Declaration of Counsel in Support of Motion for Default Judgment (Dkt. No. 18); and a Declaration in Support of Costs and Fees (Dkt. No. 19). In this Motion, Flagstar seeks a default judgment for debt and foreclosure against Toronto for the entire amount due under the Note and Mortgage, plus expenses, interest, and attorney's fees. (Dkt. No. 16).

Flagstar argues that the procedural elements for default judgment have been satisfied because Toronto was properly served with copies of the Summons and Complaint; the Clerk

---

[1] Flagstar's first application for Entry of Default (Dkt. No. 5) was entered by the Clerk of Court (Dkt. No. 9) but vacated by the Magistrate Judge of this Court on May 20, 2011. (Dkt. No. 10).

entered default against him; and he is not an infant, an incompetent person, nor in the military service. (Dkt. No. 16 at 3-4). Flagstar further contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows Toronto executed the Note and Mortgage; Flagstar is the payee under the Note and is holder of the Mortgage; Toronto defaulted under the terms of the Note and Mortgage; and Flagstar elected to accelerate the amounts due and owing upon default and to foreclose on the Property. *Id.* at 4. In addition, Flagstar asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 4-7. Flagstar further asserts that it is entitled to an award of costs and attorney's fees incurred in the prosecution of this action. *Id.* at 7-8.

In support of the Motion, Plaintiff filed a Declaration of Amounts Due, signed by Vanessa Ellison, a Flagstar Foreclosure Analyst, which sets forth the total amounts due and owing through July 29, 2011: $183,783.31 in unpaid principal balance; interest at 6.375% from July 1, 2010 through July 29, 2011 of $12,615.00; taxes of $84.43; late charges of $959.41; attorney's fees of $1,401.00; property inspections of $129.00; and a total of $198,972.15. (Dkt. No. 17, ¶ 12). Ms. Ellison asserts that interest accrues at the per diem rate of $32.10. *Id.*

In the Declaration of Counsel in Support of the Motion, A. Jennings Stone, Esq. averred that his office investigated whether Toronto was in the military service by conducting a search on the Department of Defense Manpower Data Center website on August 9, 2011. Based on that search, he determined that Toronto was not in the military service as defined in the Servicemember's Civil Relief Act of 2003, 50 App. U.S.C. § 521. (Dkt. No. 18, ¶¶ 3-5, Dkt. No. 18-1). Mr. Stone declared that he spoke personally with Toronto on June 6, 2011 and concluded

4

that he is an adult male, "alert, lucid, and seemed in full possession of his mental faculties." *Id.*
¶¶ 7, 8.

Mr. Stone also submitted a Declaration in support of costs and attorneys' fees which provided an accounting of professional services incurred in this matter, totaling $2,175.00, and legal fees, totaling $878.56. (Dkt. No. 19). Because Toronto "contractually obligated himself to reimburse Flagstar for its costs and attorneys' fees" related to the foreclosure proceeding, Flagstar seeks recovery of its legal expenses as part of the Judgment. *Id.*

On March 15, 2013, the Court ordered Flagstar to submit appropriate supporting documentation in the form of a supplemental declaration to explain with specificity how the late charges were computed, and the relationship between the late charges sought in the Complaint and in the Declaration of Amounts Due. (Dkt. No. 22). The Court also ordered Flagstar to bring all amounts current as of the date of filing the supplemental declaration. *Id.*

On May 22, 2013, Flagstar filed a "Response to Court Order of March 15, 2013," in which it stated that it was withdrawing its filings and arguments in support of its recovery of legal costs and attorney's fees, but would file a motion for such an award when the Court enters judgment in the matter. (Dkt. No. 29 ¶ 4). Flagstar also explained its calculation of late fees and the difference between the amount of late fees alleged in the Complaint and the amount sought in its Motion for Default Judgment. *Id.* ¶ 3. Flagstar nonetheless elected to "waive its entitlement to late fees in this matter[.]" *Id.*

In addition, Flagstar filed an Amended Affidavit of Indebtedness, signed by Andrea Bilek, a Flagstar Foreclosure Analyst, which explains how the Bank's document management system keeps track of and maintains records of debit and credit transactions related to the Mortgage and original Note. (Dkt. No. 30 ¶¶ 3-8). The Affidavit updates the amounts due and

owing Flagstar through March 25, 2013, as follows: $183,337.24 in unpaid principal balance; interest of $30,961.89 from August 1, 2010 through March 25, 2013; escrow advances representing property tax payments totaling $1,886.11; and a combined total of $216,185.24. *Id.* ¶ 10. The Affidavit adds $354.00 for inspections and other property preservation fees, and arrives at a total amount due and owing through March 25, 2013 of $216,539.24—with interest accruing at the rate of $32.02 per day until the entry of Judgment. *Id.* ¶¶ 12-14.

The Court finds that the Amended Affidavit of Indebtedness satisfies the Court's March 15, 2013 Order by explaining Flagstar's calculation of late fees, and the difference between late fees indicated in the Complaint and the Motion for Default Judgment. The Court notes and accepts, however, that Flagstar has opted to waive those fees.

## APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

## ANALYSIS

Flagstar has satisfied all of the requirements necessary to obtain a default judgment against Toronto. It has properly shown that: (1) default was entered against Toronto by the Clerk of Court (Dkt. No. 14); (2) Toronto has not appeared; (3) Toronto is neither an infant nor an incompetent person (Dkt. No. 18, ¶¶ 7, 8); and (4) Toronto was validly served with process (Dkt. No. 11). In addition, Flagstar provided a copy of a Military Status Report that searched the Department of Defense Manpower Data Center showing that Toronto is not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 18-1). Flagstar has also shown with specificity how it calculated the amount of the judgment. (Dkt. Nos. 18, 30). Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Flagstar resulting from Toronto's breach of his contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Defendant Toronto's default was a result of his culpable conduct as evidenced by his refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for

plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

Accordingly, the Court will grant Flagstar's Motion for Default Judgment.

## <u>CONCLUSION</u>

Flagstar has satisfied the requirements necessary for entry of a default judgment against Toronto. Accordingly, Plaintiff's Motion for Default Judgment will be granted. (Dkt. No. 15).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: June 3, 2013                                    _____/s/_____
                                                     WILMA A. LEWIS
                                                     District Judge